IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARYN NYJJIRH LOFTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  20-2422 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                    September 21, 2020

Aaryn Nyjjirh Lofton ("Plaintiff") filed a Complaint seeking judicial review of the Commissioner's adverse decision on his claim for supplemental security income.  Doc. 1.  Before the Commissioner filed the administrative record in the case and before Plaintiff submitted a brief in support of his request for review, the Commissioner filed an uncontested motion for remand.  Doc. 9.[1]  After reviewing the Defendant's motion, I will grant the motion.[2]

Neither the complaint nor Defendant's motion identifies the specific errors in the Administrative Law Judge's ("ALJ") decision that merit remand.  The complaint states simply that Plaintiff "seeks judicial review . . . of an adverse decision which has become

---

[1]Plaintiff filed a prior appeal of the denial of Supplemental Security Income claiming disability based on Attention Deficit Hyperactivity Disorder, in which the Honorable Mitchell S. Goldberg granted the Commissioner's uncontested motion to remand on March 26, 2019.  <u>Lofton v. Berryhill</u>, Civ. No. 18-335, Docs. 3, 8-6 at 175, 16-18.

[2]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  <u>See</u> Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

final." Doc. 1.  The Commissioner's motion states that "[u]pon review by counsel for the Commissioner, the Commissioner has determined that further evaluation of Plaintiff's disability claim is warranted."  Doc. 9 ¶ 2.  Further, the Commissioner represents that "[o]n remand, the Appeals Council will refer the case to a different administrative law judge and offer Plaintiff the opportunity for a new hearing."  Id. ¶ 3.

As noted, the Commissioner moved for remand before Plaintiff filed a brief, therefore neither party has identified the errors meriting a reversal of the ALJ's decision.  Nevertheless, Plaintiff through counsel has consented to the motion for remand.  Doc. 9 ¶ 4.  I will accept the considered judgment of both counsel that remand is appropriate

An appropriate Order and Judgment Order follow.